**UNITED STATES of America,
Appellee,**

v.

**Jerry CAPECI, Interested–
Party–Appellant,**

**Milana Murcia, Defendant.**

**No. 10–301.**

United States Court of Appeals,
Second Circuit.

June 7, 2011.

Stephen Gikow, Media Freedom & Information Access Practicum, Yale Law School, New Haven, CT, Nathan Siegel, Levine Sullivan Koch & Schultz, LLP, Washington, D.C. (on the brief), for Appellant.

Nicholas L. McQuaid, Assistant United States Attorney for the Southern District of New York (Preet Bharara, United States Attorney for the Southern District of New York; Jesse M. Furman, Assistant United States Attorney for the Southern District of New York, on the brief), for Appellee.

Present: AMALYA L. KEARSE, ROSEMARY S. POOLER and GERARD E. LYNCH, Circuit Judges.

### SUMMARY ORDER

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED.**

Jerry Capeci seeks review of the January 6, 2010 order of the United States District Court for the Southern District of New York (Karas, *J.*) ordering that the transcript of certain proceedings that took place before it continue to be sealed. Ca-

peci sought to unseal the transcript, arguing its sealing violated the First Amendment. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

For the purposes of this appeal, we assume without deciding that there was a presumptive public right of access to the proceeding in question, and that the presumption of openness may be overcome only "by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Press–Enterprise Co. v. Superior Court of California,* 478 U.S. 1, 9, 106 S.Ct. 2735, 92 L.Ed.2d 1 (1986).

We find no error with the district court's reasons for sealing, set forth in its sealed order of January 6, 2010. The government is reminded that should the conditions for unsealing set forth in the sealed order come to pass, it is under a continuing obligation to inform the district court.

Accordingly, the judgment of the district court hereby is AFFIRMED.